UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:11-00132 |
| | ) Chief Judge Haynes |
| HAWO OSMAN AHMED | ) |

*[Handwritten annotation: "GRANTED. In conformity with this Court's practice, all exhibits must be admitted into evidence before any display to the jury. Any intent the motion to grant is denied herein. 7-8-11"]*

**MOTION IN LIMINE NO. 1 WITH INCORPORATED MEMORANDUM OF LAW**
(Prohibiting Displaying or Publishing Evidence to the Jury Until It is Properly Admitted into Evidence)

**COMES NOW** Defendant **Hawo Ahmed**, by and through undersigned counsel, and, pursuant to pursuant to her 6th Amendment confrontation rights and her 5th Amendment due process rights, respectfully moves this Honorable Court for the entry of an Order prohibiting the United States Attorney, staff of the United States Attorney, and any of the government's witnesses in this cause, from displaying/publishing or otherwise presenting to the jury any evidence (including but not limited to proposed exhibits, documents, charts, recorded conversations, photographs or anything else that may be perceived as having evidentiary significance) until such evidence has properly been admitted pursuant to the Federal Rules of Evidence.[1]

The government should only be allowed to present its proof to the jury through witnesses and on the record in a manner that Defendant Ahmed can properly confront such evidence pursuant to her 6th Amendment Right of Confrontation. *Melendex-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527 (2009); *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004). She further submits that presenting potential exhibits during opening statements or displaying distracting exhibits that are not connected to a particular witness' testimony would deny her the

---

1    The requested Order would clearly not apply to the presentation of evidence to a witness while testifying in order to establish admissibility.

1