UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11-00132 |
| | ) | Chief Judge Haynes |
| HAWO OSMAN AHMED | ) | |

[handwritten annotation: *ORDER Upon the conditions stated in open court, this motion is GRANTED. Will [illegible] [signature] 7-15-13*]

## MOTION IN LIMINE NO. 2 WITH INCORPORATED MEMORANDUM OF LAW
(Post-Arrest Statements by Non-Testifying Alleged Co-Conspirators)

COMES NOW Defendant **Hawo Ahmed**, by and through undersigned counsel, and, pursuant to her 6th Amendment confrontation rights and her 5th Amendment due process rights, respectfully moves this Honorable Court for the entry of an Order prohibiting the United States Attorney, staff of the United States Attorney, and any of the government's witnesses in this cause, from alluding to, referring to, or in any way bringing before the jury selected to hear this cause any post-arrest statements made by non-testifying alleged co-conspirators.

The seminal case of the admissibility of a non-testifying co-defendant's statement when it incriminates a defendant is *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton*, two defendants, Evans and Bruton, were tried jointly for armed postal robbery. Although Evans did not testify at trial, a postal inspector testified that Evans confessed that he and Bruton committed the robbery. At the end of the trial, the court instructed the jury not to use Evans' confession as evidence of Bruton's guilt, despite the fact that Evans named Bruton as his accomplice. *See, Bruton, 391 U.S. at 124-25, 134 n. 10.* The Supreme Court held that in a joint trial, the admission of a non-testifying co-defendant's statement that inculpates a defendant impermissibly abridges the protections afforded to that incriminated defendant by the Sixth Amendment's Confrontation Clause. *Id*, 391 U.S. at 126, 88 S.Ct. at 1622.

1