UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:11-00132 |
| | ) Chief Judge Haynes |
| HAWO OSMAN AHMED | ) |

*[handwritten annotation: This motion is DENIED subject to the court's determination at the close of the government's proof that all requirements met. 7-15-13]*

<u>MOTION IN LIMINE NO. 3 WITH INCORPORATED MEMORANDUM OF LAW</u>
(Inadmissible Hearsay)

COMES NOW Defendant **Hawo Ahmed**, by and through undersigned counsel, and, pursuant to: (1) Rule 801(d)(2)(E) of the Federal Rules of Evidence; (2) her 6th Amendment confrontation rights; (3) *Bourjaily v. U.S.*, 483 U.S. 171, 107 S.Ct. 2775 (1987); and, (4) *U.S. v. Enright*, 579 F.2d 980 (6th Cir.1978), respectfully moves this Honorable Court for the entry of an Order prohibiting the United States Attorney, staff of the United States Attorney, and any of the government's witnesses in this cause, from alluding to, referring to, or in any way bringing before the jury selected to hear this cause any statements made by an alleged co-conspirator until, and unless, the government can establish the essential factual predicate for admissibility pursuant to the Federal Rules of Evidence and in conformance with the Sixth Amendment Right of Confrontation.

In further support of this Motion, Defendant Ahmed would submit the following Memorandum of Law.

**Memorandum of Law**

Hearsay is presumptively inadmissible, unless its introduction is based on, and pursuant to, a firmly rooted hearsay exception. *Idaho v. Wright*, 497 U.S. 805, 821, 110 S.Ct. 3139 (1990); *U.S. v. Gomez-Lemos*, 939 F.2d 326, 329 (6th Cir. 1991). The introduction of inadmissible hearsay of

1